NATIONAL LABOR RELATIONS
BOARD, Petitioner,

and

International Union, United Automobile,
Aerospace and Agricultural Implement
Workers of America, Intervenor,

v.

VEMCO, INC., Respondent.

No. 92–5257.

United States Court of Appeals,
Sixth Circuit.

Decided April 5, 1993.

July 15, 1993.

As Amended on Petition for
Rehearing

Before: NELSON and BOGGS, Circuit
Judges, and ROSENN, Senior Circuit
Judge.*

## ORDER AMENDING SLIP OPINION

Now this 29th day of June, 1993, after
considering the petition for rehearing and
the answer thereto in the above-entitled mat-
ter, the slip opinion [published at 989 F.2d
1468] is amended as follows:

*Page 2* [989 F.2d at page 1472] Lines 22–24
[First col., lines 5–9]—The last sentence
of the carryover paragraph is deleted
and the following substituted therefor:

We deny enforcement of those portions
of the Board's order relating to the lay-
off and the bargaining order and order
the enforcement of the remaining provi-
sions as modified.

*Page 37, Part V.B.* [989 F.2d at page 1488]

Line 25 [Second col., line 8]—"A RERUN
ELECTION" is deleted and "OTHER
REMEDIAL RELIEF" is substituted
therefor.

Lines 27–28 [Second col., lines 11–12]—"the
traditional remedy of a rerun election" is
deleted and "other remedial relief" is
substituted therefor.

Line 37 [Second col., line 25]—"nonetheless"
is inserted between "is" and "appropri-
ate."

*Page 39* [989 F.2d at page 1489]

Line 15 [First col., line 44]—"rerun election"
is deleted and "bargaining order" is sub-
stituted therefor.

*Page 40* [989 F.2d at page 1489]

Line 21 [Second col., line 46]—"rerun elec-
tion should be ordered" is deleted and
the "bargaining order should be direct-
ed" is substituted therefor.

*Page 41* [989 F.2d at page 1490]

Lines 3–4 [First col., lines 15–17]—"are suffi-
cient to support the traditional remedy
of a rerun election" is deleted. The
single remaining sentence shall read:
"These undisputed violations do not,
however, warrant a bargaining order un-
der either category set forth in *Gissel.*"

Part VI—The second and last paragraph of
this part is deleted and the following is
substituted therefor:

If the challenged ballots cast by 52 of
the laid-off employees have been count-
ed and have led to certification of the
Union as bargaining representative, the
certification is to be set aside. Assum-
ing that the UAW had sufficient card
support to file a petition for election in
July 1989, without counting the authori-
zation cards of the laid-off employees,
the NLRB may include within its order
the traditional remedy of a rerun elec-
tion. The petition to enforce the re-
maining provisions of the NLRB's order,
as modified, is granted. The case is
REMANDED to the NLRB for action
consistent with this opinion.

---

* The Honorable Max Rosenn, Senior Circuit Judge
of the United States Court of Appeals for the Third Circuit, sitting by designation.