997 F.2d 1149
 143 L.R.R.M. (BNA) 2961
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America, Intervenor,
v.
VEMCO, INC., Respondent.
 No. 92-5257.
 United States Court of Appeals,
Sixth Circuit.
 Decided April 5, 1993.
As Amended on Petition for Rehearing
July 15, 1993.
 
 On application for enforcement of an Order of the National Labor Relations Board.
 Before: NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 
 ORDER AMENDING SLIP OPINION
 
 1
 Now this 29th day of June, 1993, after considering the petition for rehearing and the answer thereto in the above-entitled matter, the slip opinion [published at 989 F.2d 1468] is amended as follows:
 
 
 2
 Page 2 [989 F.2d at page 1472] Lines 22-24 [First col., lines 5-9]--The last sentence of the carryover paragraph is deleted and the following substituted therefor:
 
 
 3
 We deny enforcement of those portions of the Board's order relating to the layoff and the bargaining order and order the enforcement of the remaining provisions as modified.
 
 
 4
 Page 37, Part V.B. [989 F.2d at page 1488]
 
 
 5
 Line 25 [Second col., line 8]--"A RERUN ELECTION" is deleted and "OTHER REMEDIAL RELIEF" is substituted therefor.
 
 
 6
 Lines 27-28 [Second col., lines 11-12]--"the traditional remedy of a rerun election" is deleted and "other remedial relief" is substituted therefor.
 
 
 7
 Line 37 [Second col., line 25]--"nonetheless" is inserted between "is" and "appropriate."
 
 
 8
 Page 39 [989 F.2d at page 1489]
 
 
 9
 Line 15 [First col., line 44]--"rerun election" is deleted and "bargaining order" is substituted therefor.
 
 
 10
 Page 40 [989 F.2d at page 1489]
 
 
 11
 Line 21 [Second col., line 46]--"rerun election should be ordered" is deleted and the "bargaining order should be directed" is substituted therefor.
 
 
 12
 Page 41 [989 F.2d at page 1490]
 
 
 13
 Lines 3-4 [First col., lines 15-17]--"are sufficient to support the traditional remedy of a rerun election" is deleted. The single remaining sentence shall read: "These undisputed violations do not, however, warrant a bargaining order under either category set forth in Gissel."
 
 
 14
 Part VI--The second and last paragraph of this part is deleted and the following is substituted therefor:
 
 
 15
 If the challenged ballots cast by 52 of the laid-off employees have been counted and have led to certification of the Union as bargaining representative, the certification is to be set aside. Assuming that the UAW had sufficient card support to file a petition for election in July 1989, without counting the authorization cards of the laid-off employees, the NLRB may include within its order the traditional remedy of a rerun election. The petition to enforce the remaining provisions of the NLRB's order, as modified, is granted. The case is REMANDED to the NLRB for action consistent with this opinion.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation